IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION 16-22-5 |
| | ) | |
| v. | ) | |
| | ) | |
| LUCY XI | ) | |

**DEFENDANT LUCY XI'S REPLY IN FURTHER SUPPORT OF MOTION TO EMPLOY JURY QUESTIONNAIRE AND TO PERMIT ATTORNEY-CONDUCTED _VOIR DIRE_**

Defendant Lucy Xi, by and through undersigned counsel, submits the following reply in further support of her Motion to Employ Jury Questionnaire and to Permit Attorney-Conducted *Voir Dire*, Dkt. # 403 (the "Motion").

**I.    The Court Should Employ The Proposed Jury Questionnaire.**

As discussed in the Motion, the defense is deeply concerned about potential racial biases in the jury pool. Ms. Xi is a Chinese citizen and her nationality and ethnicity gives rise to significant concerns about racial bias for several reasons, including: (1) in the past several years there has been substantial publicity surrounding Chinese thefts of intellectual property; (2) there has been a recent alarming growth of anti-Asian discrimination and violence, including in the Philadelphia area; and (3) this case has been the subject of substantial pretrial publicity that compounds the danger posed by racial bias in this case. Accordingly, the proposed jury questionnaire (attached to the Motion as Exhibit A) should be employed here to root out jurors who are prejudiced by implicit (or explicit) racial bias, pretrial publicity, or some other fact.

In response, the government argues: (1) this case does not warrant a jury questionnaire; and (2) two questions on Ms. Xi's proposed questionnaire are inappropriate. (Response to Defendant's Motion for a Jury Questionnaire and Attorney Voir Dire, Dkt. # 406 (the

"Response")). However, rather than address Ms. Xi's arguments, the government simply ignores them. For instance, Ms. Xi cited an analogous theft of trade secrets case from only a few months ago involving a group of Chinese and Taiwanese defendants where the Northern District of California employed a juror questionnaire because of concerns of anti-Asian bias in these types of cases. *USA v. Chen*, No. 17-CR-00603-BLF-1, 2021 WL 2662116, at *8 (N.D. Cal. June 29, 2021). Ms. Xi further cited a 2018 case, *United States v. Lin, et al.*, No. 15-cr-00065-BLF (2018 N.D. Ca.), in which 21 of 91 prospective jurors responded to inquiries about people of Chinese and Taiwanese heritage with opinions such as these: "I think some cheat. That's why many don't take credit cards"; "I don't trust Asian business tactics"; "I don't think they respect any of our laws especially if they were not born and raised in our culture"; "I worked for a predominantly Chinese company and found the race to be unfriendly, untrusting and inconsiderate to me and others not of their culture"; "I don't think I can be fair in this case. My thoughts about some Chinese immigrants is that they take advantage of our system." Decl. of Will Rountree in Support of Defs' Mot. in Limine #1 at ¶ 9, Dkt. # 199, *U.S. v. Chen, et al.*, No. 5:17-cr-00603 (N.D. Ca. 2021). The government didn't address either case, and its failure to do so is telling.

Second, the questions on Ms. Xi's proposed jury questionnaire are entirely appropriate and are designed to inquire into specific bias items while respecting the privacy of the panel members. The government specifically takes issue with the following questions: (1) "Do you have any bumper stickers on your car?" and (2) "Do you have a vanity license plate on your car?" (Response at 2.) But those questions are targeted specifically to identify potential juror bias. Indeed, numerous courts across the county have allowed such questions during *voir dire*. *See, e.g., United States v. Hasan*, 80 M.J. 682, 710 (A. Ct. Crim. App. 2020), *review dismissed*, 81 M.J. 48 (C.A.A.F. 2021) (recounting extensive *voir dire* regarding a panelist's bumper sticker that read "Major League

3

Infidel" in light of racial bias concerns); *Scott v. State*, 163 So. 3d 389, 421 (Ala. Crim. App. 2012) (recounting *voir dire* regarding panelist's bumper sticker); *Walker v. State*, 452 S.E.2d 580, 583 (Ga. 1994) ("counsel also asked the members of the venire . . . what type of bumper stickers or flags they displayed on their cars."); *Pieringer v. State*, 139 S.W.3d 713, 719 (Tex. App. 2004) ("During voir dire, Appellant's counsel explained to the jury that he would ask each one of them what bumper stickers they had on their cars because 'normally these things say something about you.' As an example, he noted, '[i]f you have, let's say, a Deputy Sheriff's Association sticker on your car, that would be something nice to know.'"); *Preiss v. Moritz*, 60 S.W.3d 285, 291 (Tex. App. 2001), *rev'd,* 121 S.W.3d 715 (Tex. 2003) (noting an attorney "inquir[ed] about bumper stickers on jurors' automobiles" during *voir dire*); *People v. Mattahil*, 2019 IL App (2d) 180117-U, ¶ 7 ("The State asked Schoof—as it had asked some other venire members—about what sort of bumper sticker he would pick for his car."). Asking jurors questions about their bumper stickers and vanity license plates will not invade their privacy because by using bumper stickers and/or vanity plates the jurors already have chosen to make statements to the public at large.

The government cites *United States v. Serafini*, 57 F. Supp. 2d 108 (M.D. Pa. 1999), but there the court *allowed* the use of a juror questionnaire, reasoning that:

> [J]uror questionnaires may serve as a better vehicle to unearth bias than oral questioning in court and may also expedite the jury selection process. In addition to searching for evidence of actual bias, the trial lawyer may seek to use the questionnaire to obtain information to aid jury consultants to compile profiles on prospective jurors for purposes of identifying those prospective jurors more likely to favor the side of the party retaining the consultant. **The questionnaire may thus contain a number of inquiries into intensely personal matters** that have nothing to do with discovering actual bias. In addition, the questionnaire may also be intended to condition the jury to a party's particular viewpoint.

4

*Id*. at 111-112(emphasis added). While the court sustained the government's objections to questions about the prospective jurors' race and ethnic background, marital status, and television viewing and reading tendencies, the proposed questionnaire here asks no such questions.

The government also cites *Schlinsky v. United States*, 379 F.2d 735 (1st Cir. 1967), but there the First Circuit affirmed the trail court's exclusion during *voir dire* of questions purportedly designed to discover whether jurors would accept various instructions of law favorable to the defendant that might be expected to be in the jury charge. *Id*. at 738. Again, Ms. Xi has included no such questions here.

## II. The Court Should Allow Attorney-Conducted *Voir Dire*.

Finally, with respect to Ms. Xi's request for attorney-conducted *voir dire*, the government asserts the Court's standard jury selection procedure already allows limited attorney questioning of the prospective jurors after the Court has completed the general *voir dire*. The defense takes the government at its word, but this Court's published Procedures in Criminal Cases (https://www.paed.uscourts.gov/documents/procedures/slopol4.pdf) states that "Judge Slomsky conducts *voir dire* in criminal cases," and "[c]ounsel may submit proposed *voir dire* questions." To the extent those procedures have evolved, and the Court now allows for limited attorney-conducted *voir dire*, Ms. Xi agrees that this request is moot.

Dated: November 10, 2021                Respectfully submitted,

/s/ Eric L. Yaffe
Eric L. Yaffe, Esq. (*pro hac vice*)
Frank J. Sciremammano, Esq.
Lathrop GPM LLP
The Watergate – Suite 700
600 New Hampshire Avenue, NW
Washington, DC 20037
*Attorneys for Defendant Lucy Xi*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was filed on Pacer CM/ECF and served via electronic means upon the following:

>Robert James Livermore, Esq.
>Jee-Eun Jeanette Kang, Esq.
>U.S. ATTORNEY'S OFFICE
>615 Chestnut Street
>Suite 1250
>Philadelphia, PA 19106
>robert.j.livermore@usdoj.gov
>*Attorneys for the USA*

Dated:  November 10, 2021            /s/ Eric Yaffe
                                                                  Eric L. Yaffe (*pro hac vice*)